IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JIMMY SHANE CANTRELL                          PETITIONER

v.            NO. 5:05CV00356 JMM-JFF

LARRY NORRIS, Director,
Arkansas Department of
Correction                                             RESPONDENT

### ORDER

Before the Court are the Petitioner's motion for partial summary judgment (# 32) and motion for preliminary injunction and temporary restraining order (# 33).

On March 8, 2007, the Court granted Petitioner's motion to amend his habeas petition and directed him to file an amended petition by April 20, 2007, separately stating each claim he wishes to raise. Until Petitioner files an amended petition and the Respondent files a response, any determination on whether he is entitled to relief would be premature. Furthermore, the Rules Governing § 2254 cases and the habeas statutes do not contemplate disposition of habeas petitions by motion for summary judgment. *Mitchell v. Goord*, 2005 U.S. Dist. LEXIS 4772 at * 5 (N.D.N.Y. March 21, 2005) (nothing in the habeas rules or statutes "contemplates the disposition of habeas petitions by motion for summary judgment"); *Chamberlain v. Mantello*, 954 F. Supp.

499, 501 n. 2 (N.D.N.Y. 1997) ("The rules governing habeas corpus applications do not contemplate a motion for summary judgment as a submission by a respondent."). It is the practice of this Court to adjudicate habeas corpus petitions based on the pleadings authorized by the habeas rules (petition, answer, and reply), rather than on motions for summary judgment, which are unnecessary and serve no useful purpose. Under the circumstances, the Court denies Petitioner's motion for partial summary judgment.

In support of his motion for preliminary injunction and temporary restraining order, Petitioner alleges that a preliminary injunction and temporary restraining order are "warranted requiring all [state court] Clerks to adhere to the 'mailbox rule' when pleadings from prisoners/detainees appropriately reflect invoking it."

The standard for deciding whether to grant a preliminary injunction or temporary restraining order requires consideration of: (1) the probability of the movant's success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction or restraining order will inflict on other interested parties; and (4) whether the issuance of the preliminary injunction or temporary restraining order is in the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

State law governs when a state pleading is considered filed. *See Adams v. LeMaster*, 223 F.3d 1177, 1181 (10th Cir. 2000) (holding that "state law must determine when a state habeas petition is considered filed" and that "the federal mailbox rule . . . does not apply to § 2244(d)(2) for purposes of determining when the tolling period for a properly-filed state petition begins"). This Court has no authority to order state court

clerks to adhere to the federal mailbox rule. *Cf. Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties"); *Curtis v. Fischer*, 387 F. Supp. 2d 218, 226 (W.D.N.Y. 2005) ("federal courts have no authority to review issues of state law"). The Court further finds that Petitioner has not shown any probability of success on the merits or a threat of irreparable harm. With respect to the remaining factors, they do not appear to favor either granting or denying a preliminary injunction or temporary restraining order. The Court denies Petitioner's motion for preliminary injunction and temporary restraining order.

IT IS SO ORDERED this 9th day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE